UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVE HILDEBRANDT, and <br> DESERT VISTA MARKETING <br> GROUP INC., <br> <br> Plaintiffs, <br> v. <br> <br> INDIANAPOLIS LIFE INSURANCE <br> COMPANY, et al., <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:08-CV-1815-B |

## MEMORANDUM OPINION

This case involves a tax shelter investment program and is before the Court as a result of a forum transfer from a federal district court in Arizona to this Court by the Multidistrict Litigation Panel. Before the Court are two motions to dismiss filed pursuant to FED. R. CIV. P. 12(b)(6) by Defendant Indianapolis Life Insurance Company ("Indianapolis Life") (doc. 30) and Defendants Hartstein, E.C.I. Pension Services, L.L.C., and Economic Concepts, Inc. ("Hartstein/ECI") (doc. 41). At issue is whether the Plaintiffs' claims are time-barred under Arizona's version of the common law "discovery rule." For the reasons that follow, the Court **DENIES** both motions.

### I.

### BACKGROUND

*A. Factual Background*

The events leading up to the filing of this Multi District Litigation ("MDL") action are familiar territory at this point in the proceedings. Plaintiffs Dave Hildebrandt ("Hildebrant") and

Desert Vista Marketing Group ("Desert Vista") (collectively, "Plaintiffs") invested in a tax shelter program, also referred to as a "defined benefit plan," promoted and sold to them by Defendants Hartstein/ECI and funded by life insurance policies issued by Defendant Indianapolis Life. A key selling point, according to Plaintiffs, was the Defendants' assurances that the plans qualified for tax advantages under Section 412(i) of the Internal Revenue Code. (Compl. ¶¶ 22, 27-8, 31-2.) In April 2004, after investing in the Defendants' plan and paying annual premiums, Plaintiffs learned that the IRS was auditing the 2002 tax return of their benefit plan. (*Id.* at ¶¶ 49, 53-4.) In December 2005 and January 2006, the IRS notified the Plaintiffs that their defined benefit plan did not qualify under section 412(i) and assessed Plaintiffs thousands of dollars in back taxes and penalties for participating in the tax shelters. (*Id.* at ¶ 62.)

    *B. Procedural Background*

    In December 2007 Plaintiffs filed this suit against the Defendants on numerous grounds, including, common law fraud, breach of fiduciary duty, rescission, unjust enrichment, negligent misrepresentation, and violations of Arizona state statutes. The Defendants' motions to dismiss followed.

    In their motions, Indianapolis Life and Hartstein/ECI move to dismiss this case pursuant to FED. R. CIV. P. 12(b)(6) arguing that Plaintiffs' claims are time-barred under Arizona law. More precisely, the Defendants contend that the majority of Plaintiffs' claims (Count One, Count Three, part of Count Four, Count Five, Count Nine and Count Ten) are subject to a three-year limitations period under § 12-543 and § 44-3241 of the Arizona Revised Statutes. *See* ARIZ. REV. STAT. ANN. § 12-543 (2008); ARIZ. REV. STAT. ANN. § 44-3241 (2008). (Defs.' Hartstein/ECI Mot. at 3-4; Def. Indianapolis Life Mot. at 10.) As to Counts Two and Eight of Plaintiffs' First Amended Complaint,

Defendants contend these counts are subject to a two-year limitations period under § 12-542 of the Arizona Revised Statutes. *See* ARIZ. REV. STAT. ANN. § 12-542 (2008). (Defs.' Hartstein/ECI Mot. at 4; Def. Indianapolis Life Mot. at 10.) Finally, the Defendants maintain that Plaintiffs' claims for consumer fraud and insurance misrepresentation contained in Count Four fall under a one-year limitations period pursuant to sections 20-443, 20-444 and 44-1521 of the Arizona Revised Statutes. *See* ARIZ. REV. STAT. ANN. § 20-443 (2008); ARIZ. REV. STAT. ANN. § 20-444 (2008); ARIZ. REV. STAT. ANN. § 44-1521 (2008). (Defs.' Hartstein/ECI Mot. at 4; Def. Indianapolis Life Mot. at 10.) Defendants argue that all of Plaintiffs' claims are time-barred under the foregoing Arizona provisions because the Plaintiffs were on notice of their claims no later than April 2004 when they learned that the IRS was auditing their plan. Because this suit was filed more than three years after the IRS began its audit, Defendants contend that all of Plaintiffs claims are time-barred.

Plaintiffs strongly disagree with the Defendants' theory that their claims accrued in April 2004 when they were told about the IRS audit. Instead, they maintain that it was not until mid-2007 when they discovered that they had been affirmatively misled by Defendants' representations as to the legality of the tax shelters. Plaintiffs claim that their filing of this suit in December 2007 was "well within a year of learning the facts giving rise to [their] claims." (Pls.' Resp. at 9, 11-4 (citing *CDT v. Addison, Roberts & Ludwig*, 7 P.3d 979, 198 Ariz. 173 (Ariz. Ct. App. 2000)).)[1]

---

[1] In *CDT*, an Arizona appeals court applied the "common law 'discovery rule'" to determine when the plaintiff's cause of action for accountant malpractice accrued. 7 P.3d 979, 198 Ariz. 173 (Ariz. Ct. App. 2000). In reversing the trial court, the appellate court, held that the plaintiff's cause of action accrued when "the plaintiff discover[ed] the negligence and sustain[ed] ascertainable harm as a result of that negligence." *CDT*, 7 P.3d at 982, 198 Ariz. at 176. In the appellate court's view the discovery occurred when the government agency formally assessed tax liability. *CDT*, 7 P.3d at 986, 198 Ariz. at 179.

II.

ANALYSIS

*A. Applicable Law*

**1. Law Applicable in MDL Cases**

Because the Court is hearing this action as a result of a forum transfer by the Multidistrict Litigation Panel, if called upon to address matters of state law, the Court is bound to apply the state law of the transferor forum. 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE ("Wright & Miller") § 3866 (2007) (citing *In re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d 570, 576 (5th Cir. 1996); *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)(other citations omitted)). As to matters of federal law, however, it is the law of the transferee court that governs. *Menowitz*, 991 F.2d at 40 (citing *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)(other citations omitted)). Since the Defendants' motions to dismiss are grounded in limitations, which is considered a matter of state law, and this case originated in Arizona, the Court must look to Arizona state law on limitations to resolve the question of whether Plaintiffs' claims are time-barred. *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992). On the other hand, because pleading requirements are purely matters of federal law, the Court looks to the law of the transferee court - this Circuit - for controlling Rule 12(b)(6) standards. *Prudential Ins. Co. of America v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 623 (N.D. Ill. 2008) (pleading requirements in federal courts are governed by the federal rules and not by state law).

**2. Rule 12(b)(6) Standards**

A 12(b)(6) motion to dismiss is disfavored and rarely granted. *Ramirez v. Walker*, 199 F.

App'x 302, 306 (5th Cir. 2006) (citing *Lowrey v. Texas A&M University*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint should be liberally construed in the favor of the non-moving party and the court must determine whether the complaint states any valid claim for relief whenever viewed in the light most favorable to the non-moving party and with every doubt resolved on their behalf. *Lowrey*, 117 F.3d at 247. A 12(b)(6) motion will only succeed whenever it can be shown that the opposing party did not present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1960 (2007). A claim cannot simply be conceivable, but must be "nudged . . . across the line from conceivable to plausible." *Id.*

In considering a Rule 12(b)(6) motion, the Court cannot look beyond the pleadings and any attachments thereto. FED. R. CIV. P. 12(b)(6). Documents attached to a defendant's motion to dismiss, however, are considered part of the pleadings if they are central to plaintiff's claims and are referenced in the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 595-96 (E.D. Tex. 1994). Otherwise, reference to matters outside the pleadings require the court to treat the motion to dismiss as a motion for summary judgment. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); FED. R. CIV. P. 12(d).

### 3. Arizona State Law on Limitations

Arizona courts apply the discovery rule to questions of claim accrual where an injury or injurious conduct is difficult to detect as opposed to being open and obvious. *Premium Cigars Int'l Ltd. v. Farmer-Butler-Leavitt Ins. Agency*, 96 P.3d 555, 572, 208 Ariz. 557, 569 (Ariz. Ct. App. 2004) (citations omitted). Under Arizona law "a cause of action does not accrue for purposes of the statute of limitations until the plaintiff knows, or with reasonable diligence should know, the facts underlying

the cause of action." *Karlsson Group, Inc. v. Langley Farm Investments, LLC*, 2008 WL 4183025, at *6 (D. Ariz. Sept. 8, 2008) (citing *Doe v. Roe*, 955 P.2d 951, 960, 191 Ariz. 313 (Ariz. 1998) (plaintiff "need not know all of the facts underlying a cause of action to trigger accrual [but] ...must ... possess minimum knowledge sufficient to identify both that a wrong occurred and that it caused injury.")); *Taylor v. State Farm Mut. Auto. Ins.*, 913 P.2d 1092, 1096, 185 Ariz. 174, 178 (Ariz. 1996). "The rationale behind the discovery rule is that it is unjust to deprive a plaintiff of a cause of action before the plaintiff has a reasonable basis for believing that a claim exists." *Gust, Rosenfeld & Henderson, v. Prudential Ins. Co.*, 898 P.2d 964, 967, 182 Ariz. 586, 589 (Ariz. 1995) (citing 54 C.J.S. *Limitations of Actions* § 87(a) (1987)).

      The discovery rule has been applied by Arizona courts to both contract and tort actions. *Gust*, 898 P.2d at 968, 182 Ariz. at 590. The "common thread" running through the different types of actions in which the discovery rule has been applied is a difficulty in detecting the injury and in many cases a showing that "the defendant [was] in a far superior position to comprehend the act and the injury" than the plaintiff. *Id.* at 967, 182 Ariz. at 589 (quoting *April Enters. v. KTTV*, 195 Cal. Rptr. 421, 436 (Cal. Ct. App. 1983)). "[T]he discovery rule does not require a person to file a complaint based on knowledge the person believes is false." *Doe v. Roe*, 955 P.2d 951, 962, 191 Ariz. 313, 324 (Ariz. 1998); *Jordan v. City of Phoenix*, 2009 WL 325329, at *2 (Ariz. Ct. App. Feb. 10, 2009). Often the determination of when a plaintiff should have reasonably discovered a cause of action for limitations purposes is a fact-intensive inquiry which must be reserved for a jury. *Doe*, 955 P.2d at 961, 191 Ariz. at 323 (citations omitted). The fact-bound nature of this inquiry has also been noted in several federal cases. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 951 (9th Cir. 2005) (the question of what a reasonable investor should have known "is particularly

suited to a jury determination.") (citations omitted); *O'Connor v. Crilley*, 311 F.3d 1139, 1150 (9th Cir. 2001) ("Courts routinely recognize the 'fact-intensive nature' of the determination of when a plaintiff is on notice of a claim."); *General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1399 (9th Cir. 1991).[2]

   *B. Analysis*

The parties' limitations arguments boil down to a dispute over what Plaintiffs knew or should have known about their claims once the IRS stepped in and began scrutinizing their plan. The Defendants point to Plaintiffs' allegations in the First Amended Complaint where they allege that between February and April 2004 the IRS took "decisive action" to shut down "abusive tax avoidance transactions" like Plaintiffs' and began an audit of Plaintiffs' own plan. (Def. Indianapolis Life Mot. at 14, Defs.' Hartstein/ECI Mot. at 7.) Defendants maintain that these allegations establish that the Plaintiffs knew or should have known about the alleged fraud no later than April 2004. That the Plaintiffs should have been aware of their claims at the time the IRS audited their plan is certainly one inference that can be reasonably drawn from the pleadings.

Plaintiffs respond that, despite the IRS' 2004 actions, they were unaware that they had legal problems in 2004 because they were never informed by the Defendants that their plan was in jeopardy under IRS standards for 412(i) plans. (Pls.' Resp. at 6.) The face of the First Amended Complaint contains some assertions from which it can be reasonably concluded that Plaintiffs, in

---

[2] With regard to the applicable Arizona statutory provisions, the Court accepts *arguendo*, the Defendants' choice of statutes partly because Plaintiffs' do not challenge the Defendants' on this point but also because Plaintiffs' arguments are premised on the assumption that one, two and three-year limitations terms apply. More importantly, the ultimate determination here turns not on the precise statutes at play but on *when*, under the discovery rule, Plaintiffs became aware of their claims. The Court turns next to the discovery rule.

relying upon the expertise of Brian Cave, remained justifiably ignorant of their claims well beyond the date of the IRS audit. (Compl. ¶¶ 54-65.) But the Plaintiffs also rely heavily on the "Declaration" by Plaintiff Hildebrandt attached to their response. The declaration contains assertions by Hildebrandt that it was not until December 2005 and January 2006 that he knew the IRS considered his plan an illegal tax shelter. (Pls.' Resp., Hildebrandt Decl. at ¶ 3.) Even then, he avers, the sophisticated nature of the tax shelter and the representations of Defendant Brian Cave, holding himself out as an expert, prevented him from discovering he had "potential claims against Brian Cave and others." (*Id.* at ¶¶ 4-15.)

Arizona courts have recognized that there are situations where, despite a plaintiff's belated discovery of his cause of action, his claim is still considered timely filed for limitations purposes. As discussed above, these situations often involve injuries that are difficult to detect, a defendant who possesses superior knowledge about the subject of the claim and who has reason to believe the plaintiff is unaware of his injury. *See Gust*, 898 P.2d at 967, 182 Ariz. at 589. In a complicated tax shelter investment program such as the one at issue, it is not uncomprehensible that Plaintiffs' belated filing (more than three years after the IRS began its audit) was justified based upon the subject matter of the investment and the Defendants' far superior expertise on the law and concealment of the problems. As mentioned, there are some allegations in the First Amended Complaint from which this conclusion can reasonably be gleaned. Given that the opposite conclusion, as pointed out previously, can also be reasonably found in the pleadings, the Court finds that the limitations issue simply cannot be resolved on a motion to dismiss.

This conclusion is bolstered by the fact that the Plaintiffs rely heavily on Hildebrant's declaration in driving home their point. The problem, of course, is that the declaration may not be

weighed or even considered in the 12(b)(6) context. *See id.* at 967, 182 Ariz. at 589 (quoting *April Enters. v. KTTV*, 195 Cal. Rptr. 421, 436 (Ct. App. 1983)). Even if the declaration was permissible proof, the Court would be hard-pressed to assess Hildebrandt's credibility on paper. And certainly, any credibility assessment would call for similar counter-affidavits from the Defendants. In sum, in order to properly decide this fact-bound question of when the Plaintiffs knew or reasonably should have known of their claims, the Court must be able to examine proof not proper via Rule 12(b)(6) and, perhaps not even permissible on summary judgment. The Court will entertain the issue under Rule 56 but instructs the parties that, ultimately, the resolution of the limitations question may require credibility determinations by the fact-finder.

## III.

## CONCLUSION

For the foregoing reasons, Defendant Indianapolis Life Insurance Company's ("Indianapolis Life") Motion to Dismiss (doc. 30) and Defendants Hartstein, E.C.I. Pension Services, L.L.C., and Economic Concepts, Inc. ("Hartstein/ECI") Motion to Dismiss (doc. 41) are **DENIED**.

**SO ORDERED.**

**Dated: March 25, 2009.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE